# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE PRUDE,

                Plaintiff,

v.

WARDEN GARY BOUGHTON and
SECURITY DIRECTOR KARTMAN,

                Defendants.

Case No. 18-CV-591-JPS

**ORDER**

      Plaintiff Terrance Prude, a prisoner representing himself, filed a complaint in the above-captioned action along with a request to proceed *in forma pauperis*. (Docket #1 and #3). The Court assessed an initial partial filing fee ("IPFF") of $13.23. (Docket #6). Plaintiff has now requested that he be permitted to use funds from his release account for payment of the entire filing fee or, in the alternative, the IPFF. (Docket #7). Plaintiff also requested an extension of his deadline to pay the IPFF, citing difficulties with accessing his release account without a court order. *Id.*

      "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the full filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide

which of [his] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002).

In light of the foregoing, the Court will not permit Plaintiff to tap into his release account for the entirety of his filing fee or other litigation costs. *See Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014). However, the Court will grant Plaintiff permission to use funds from his release account solely for the purpose of paying the IPFF. The Court will also grant Plaintiff's request for extension of the deadline to pay the IPFF; he will be afforded one additional week. Plaintiff shall ensure that the IPFF of $13.23 is paid to the Clerk of the Court on or before **May 21, 2018**.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to use his release account funds (Docket #7) be and the same is hereby **GRANTED** insofar as Plaintiff is permitted to use release account funds for the sole purpose of paying the initial partial filing fee;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall release $13.23 from Plaintiff's release account for payment of the initial partial filing fee;

**IT IS FURTHER ORDERED** that Plaintiff's deadline to pay the initial partial filing fee be and the same is hereby **EXTENDED** to May 21, 2018; and

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge